RECEIVED
CHARLOTTE, N.C.
JUL 1 2 2005
Clerk, U.S. Dist. Court
W. Dist. of N.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | |
|---|---|
| STEVEN E. LEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL NO. 5:04CV183 |
| | ) |
| JO ANNE B. BARNHART, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## ORDER OF REMAND
## PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g)

The United States of America has moved this Court, pursuant to sentence four of 42 U.S.C. § 405(g) to enter judgment reversing the decision of Defendant, Commissioner of Social Security (Commissioner), with remand of the cause to Commissioner for further administrative proceedings.

On remand, Commissioner, through her Appeals Council, will instruct the administrative law judge to:

1.　Afford the claimant an opportunity for a hearing and an opportunity to submit updated evidence;

2.　If necessary, obtain orthopedic and mental status examinations;

3.　Re-evaluate the claimant's residual functional capacity (RFC) and specifically explain what, if any, exertional and/or non-exertional impairments the claimant has and what impact these limitations may have on his RFC; and

4.　If necessary, obtain vocational expert testimony.

Pursuant to the power of this Court to enter judgment affirming, modifying or reversing

Commissioner's decision with remand in Social Security actions under sentence four of 42 U.S.C. § 405(g), and in light of Commissioner's request to remand this action for further proceedings, and it appearing that the Plaintiff consents, this Court hereby:

**REVERSES** Commissioner's decision under sentence four of 42 U.S.C. § (g) with a remand of the cause to Commissioner for further proceedings as outlined above. Melkonyan v. Sullivan, 501 U.S. 89, 99-100 (1991). The Clerk of the Court will enter a separate judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure. As there remains no justiciable dispute pending between the parties, upon the Clerk's entry of judgment, the Court's jurisdiction over this case shall terminate except for purposes of consideration and determination of motions for attorney's fees, including any motion for such fees under the Equal Access to Justice Act (EAJA). Plaintiff shall have thirty (30) days from final judgment to file a motion for attorney's fees under EAJA in this matter.

Dated this 15th day of July, 2005.

DAVID C. KESSLER
UNITED STATES MAGISTRATE JUDGE

2